IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01434-DME-BNB

OTTO F. RIVERA-BOTTZECK,

Applicant,

v.

JOSEPH ORTIZ, Executive Director for DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
ALLAN STANLEY, Director of the Colorado Parole Board,

Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

This matter is before me on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") filed by Otto F. Rivera-Bottzeck ("Applicant"). [Doc. # 3, filed 7/18/2006]. Respondents filed an Answer [Doc. # 22], and Applicant filed a Traverse [Doc. # 26]. I respectfully RECOMMEND that the Application be DENIED.

### I. THE LAW

This Court may review an application for writ of habeas corpus "only on the ground that [an applicant] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the applicant has exhausted available state remedies. 28 U.S.C. § 2254(b)(1). If an applicant exhausts his available state remedies, his application may be granted only if the

> adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Generally, if an applicant fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the applicant would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the applicant would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the applicant's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. Demarest, 130 F.3d at 941.

## II. BACKGROUND

Applicant, who currently resides in Aurora, Colorado, is proceeding *pro se*. He asserts the facts of his case as follows:

Originally, Applicant pled not guilty to two counts of securities fraud and two counts of theft in Case No. 98CR1829 in the Jefferson County District Court. (Application at 2.) After a trial, he was acquitted on three counts, but the jury was unable to reach a unanimous verdict on the remaining count. (Application at 2.) On February 28, 2000, Applicant elected to plead guilty to the remaining count and received a deferred judgment of four years of supervision in exchange for paying $65,000.00 in restitution. (Application at 2.) In March 2002, a complaint for revocation of Applicant's deferred judgment was filed against him based on violations of the conditions of his deferred judgment, including (1) that he failed to attend appointments with his corrections specialist; (2) that he failed to provide verification of full-time employment; and (3) that he failed to provide proof of ongoing, monthly child-support payments. (Application at 5-13.) As a result of the revocation hearing, the trial court revoked the deferred judgment and sentenced Applicant to eight years of incarceration.

Applicant asserts two claims. In Claim One, he alleges that he was denied his constitutional right to due process and equal protection by the state district court and the state court of appeals. Specifically, Applicant states that the trial court revoked his deferred sentence even though he provided uncontested testimonial evidence that he had not violated the terms of his plea agreement. Applicant asserts that (1) his job was seasonal and from November 2001 through February 2002 he was unable to make restitution payments; and (2) that when he was able to continue work in February he attempted to make payments but the corrections specialist would not accept his payments because a revocation complaint had been filed against him. (Application at 5-13.) Applicant also asserts that he provided uncontested evidence that (1) he attended all but two of his appointments with his corrections specialist, and the two

3

appointments he missed were made up at a later date; (2) he provided the corrections specialist with copies of every paycheck that he had received from his employer; and (3) he provided the corrections specialist with receipts of the child support payments he had made. (Application at 5-13.)

In Claim Two, Applicant asserts that he was denied due process and equal protection because the state court of appeals applied an incorrect standard when it decided that a judge other than the trial judge properly presided over Applicant's sentencing proceedings. Relying on People v. Little, 813 P.2d 816 (Colo. App. 1991), Applicant contends that after a verdict is reached it is incumbent on the trial judge, and not a substitute judge, to impose the sentence unless one of the conditions set forth in Colo. R. Crim. P. 25 is identified.

In their Answer, Respondents assert that Applicant was charged with two counts of securities fraud, one count of theft of an amount of fifteen thousand dollars or more, and one count of theft of an at-risk adult. (Answer at 3.) Respondents state that Applicant received a jury trial in December 1999, but the only offenses submitted to the jury were the securities fraud counts. (Answer at 3.) Respondents also assert that Applicant was acquitted on one of the securities fraud counts, but the jury was unable to reach a unanimous verdict on the second count. Applicant subsequently pled guilty to the remaining count and received a deferred judgment of four years of supervised release in a community corrections program, which was subject to various conditions, including the payment of restitution to the victims. (Answer at 3-4.) Respondents further state that on March 19, 2001, a complaint for revocation was filed based on various violations of the terms and conditions of the deferred judgment, and that on September 5, 2001, the trial court revoked the deferred judgment and sentenced Applicant to

4

eight years in prison. (Answer at 4.)

Respondents concede that the instant action is timely under 28 U.S.C. § 2244(d).

### III. ANALYSIS

Respondents argue that although Applicant presented in his initial state court appeal (People v. Rivera-Bottzeck, No. 01CA2223 (Colo. App. Dec. 30, 2004) (unpublished)) the claims he asserts here, he failed to raise the claims in terms of federal constitutional violations. (Answer at 11.) Respondents contend that Applicant made only one isolated, generic reference to due process in support of his evidence claim and failed to cite any federal law or the U.S. Constitution in his opening brief in the state court of appeals. (Answer at 11-12.) Respondents further argue that Applicant presented his same-judge claim only as a violation of state law, without even a perfunctory reference to due process, and the two federal cases cited address criminal procedure rather than constitutional requirements. (Answer at 12-13.) Respondents conclude that Applicant failed to exhaust either of his claims in the state courts.

Respondents contend that Applicant now is precluded from raising his claims as federal constitutional issues in state court because he already has litigated the appeal of his revocation proceeding and presented several post-conviction motions. (Answer at 14.) Respondents further contend that, although at the time they submitted the Answer in this case Applicant had a postconviction motion pending on appeal in state court, it was too late to raise additional, constitutionally-based claims in that appeal or in any other state post-conviction motion because an attempt to do so would fail as "successive" under Colo. R. Crim. P. 35(c)(3)(VI) and (VII). (Answer at 14.) Respondents also argue that the Court should refuse to address Applicant's claims on the merits. (Answer at 15.)

5

In his Traverse, Applicant argues that his constitutional claims stem from the state court of appeals' "application of an inapplicable and erroneous standard" in finding that a judge other than the original trial judge could preside at his sentencing. (Traverse at 11.) Applicant also contends that the state district court and the state court of appeals ignored relevant evidence showing that (1) he was unable to pay the restitution through no fault of his own; (2) the revocation was based only on his failure to pay the restitution; and (3) the state court of appeals did not render an opinion on whether the district court's findings were supported by the evidence presented at the revocation hearing. (Application at 8 and 9 and Traverse at 11.) Applicant asserts that neither of his claims could have been raised until after the court of appeals made its decision. (Traverse at 11.)

I find Applicant's arguments unavailing. A state prisoner generally must exhaust all available state court remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when a federal claim has been "fairly presented to the state courts," such that the State has had "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). The petitioner must have invoked "one complete round of the State's established appellate review process," including a petition for discretionary review to the state's highest court when such review is available. O'Sullivan, 526 U.S. at 845. Although fair presentation does not require the petitioner to "cite book and verse on the federal constitution," the petitioner must raise the substance of the federal claim in state court. Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006) (internal quotation marks and citation omitted). In other words,

6

state courts must be "alerted to the fact that the prisoner[ ][is] asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Applicant did not alert the state court of appeals that he was challenging the sufficiency of the evidence in the revocation proceeding as a violation of his federal Constitutional rights. Presenting the claim only to the Colorado Supreme Court and not to the state court of appeals does not satisfy the requirement that a claim be fairly presented to the state courts. Without raising his claims in the state court of appeals, Applicant did not meet the requirement set forth under O'Sullivan that he complete one round of the State's established normal appellate review process.

Applicant's assertion that he could not raise his constitutional claim until after the court of appeals issued its order and judgment is meritless. The denial of due process that Applicant challenges is the district court's alleged failure to acknowledge relevant evidence in the revocation hearing. Although Applicant made a passing reference to due process in his opening brief to the state court of appeals with respect to his sufficiency of the evidence claim, (Answer, Ex. F at 20), he did not raise the substance of a federal due process claim. Applicant does not overcome his failure to raise his due process claim in the state court of appeals by arguing that the court of appeals used the wrong standard of review of the district court's decision to revoke his deferred sentence. Applicant, therefore, has procedurally defaulted his claim in state court. He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim One is procedurally barred from federal habeas review.

7

Even if I were to find that the due process claim properly is before this Court regarding the decisions of both the state trial court and the state court of appeals, a defendant in a revocation proceeding is not entitled to the full panoply of the rights afforded in a criminal prosecution. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Violations supporting the revocation of Applicant's deferred sentence need not be proven beyond a reasonable doubt. Id. at 490. In determining whether a defendant facing revocation of parole was afforded the required due process, a court looks to the standard of proof utilized by the state in determining the need to place a defendant in custody, the defendant's opportunity to be heard and to present evidence, and whether the decisionmaker was neutral. Id.

Upon review of the state trial court transcript (attached to the Answer as Exhibits A through E), I find that the state trial court, after holding an extensive hearing that included testimony by Applicant, determined Applicant had failed to make monthly restitution payments, failed to remain current on his child-support payments, and failed to attend all meetings with his corrections specialist. (Answer, Ex. C2 at 26-37.) Applicant admitted during the revocation hearing that he missed at least two or three meetings with his corrections specialist and admitted that he did not make restitution payments or child-support payments during a time when he was employed. (Answer, Ex. C1 at 36-48, and Ex. C2 at 5-7 .) Furthermore, it is clear from the hearing transcript (Answer, Ex. A1 at 19-22, 31-32, and Ex. A2 at 25-27) that Applicant provided documents to the corrections specialist in support of his monthly income and child support payments that either were incomplete or lacked verification of authenticity.

Applicant also claims that the Office of the District Attorney would not accept restitution payments and that the private company that oversaw his probation ("Intervention") refused to

8

accept restitution payments prior to filing the complaint seeking revocation of his deferred sentence. Upon review of the transcript, I find no statement by Applicant that he attempted to make restitution payments prior to the filing of the complaint or that Intervention, or a representative of Intervention, refused to accept the payment. Also, when Applicant was questioned at his revocation proceeding about whether he attempted to make restitution payments to the registry of the state court, Applicant responded that he did not. (Answer, Ex. C2 at 6.)

Nothing in the transcript of Applicant's revocation hearing indicates that he was denied due process. Pursuant to section 16-7-403(2), C.R.S., which has been repealed and now is found at section18-1.3-102(2), C.R.S., "upon a breach by the defendant of any condition . . . the court shall enter judgment and impose sentence upon [defendant's] guilty plea." Furthermore, the "burden of proof at such hearing shall be by a preponderance of the evidence." <u>See</u> section 18-1.3-102(2), C.R.S. I find that the revocation decision was based on a reasonable factual determination of the evidence presented in the state court proceedings. The state trial court's decision is not contrary to or an unreasonable application of any clearly established federal law. Claim One lacks merit and should be dismissed.

To the extent Applicant challenges the credibility of the testimony of his corrections specialist at the revocation hearing, the state trial court's determinations of credibility are presumed to be correct under 28 U.S.C. § 2254(d). <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983).

As to Claim Two, I find no federal constitutional requirement that a judge who presides over a revocation proceeding and imposes a deferred sentence must also have presided over the

proceedings at which the defendant entered a guilty plea. The Tenth Circuit and the Colorado Court of Appeals have both found that the better practice is for the judge who presided over a criminal trial should also impose the sentence. See Rogers v. United States, 350 F.2d 297, 298 (10th Cir. 1965; see also People v. Koehler, 30 P.3d 694, 696 (Colo. App. 2000). However, a sentence imposed by a judge other than the trial judge is not void. Id. Neither Rogers nor Koehler hold that a defendant's due process rights are violated when a judge presiding over a trial is replaced by a different judge for the purpose of sentencing.

Applicant relies on People v. Little, 813 P.2d 816 (Colo. App. 1991), for the argument that his due process rights were violated when the district court failed to provide an acceptable reason, as required under Colo. R. Crim. P. 25, for his sentencing by a judge other than the original trial judge who accepted the guilty plea. Nothing in Little supports Applicant's due process claim. In any event, the Little case is factually distinguishable from this case. In Little, the state appellate court remanded to the trial court to articulate on the record a reason why the judge who presided over the trial which resulted in a guilty verdict was replaced by a different judge for sentencing. Here, by contrast, Applicant's sentencing was based on a revocation of his deferred sentence, and his deferred sentence was the result of an earlier guilty plea.

I also note that under Morrissey, 408 U.S. at 486, the person presiding over a revocation hearing need not even be a judicial officer. I find, therefore, that Claim Two fails to set forth a federal claim that is cognizable in a 28 U.S.C. § 2254 action and should be dismissed on the merits.

## IV. CONCLUSION

I respectfully RECOMMEND that the Application be DENIED and the action

DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 5, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge